# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| VERNES PENGIC ) | |
| ) | Civil Action Number: |
| Plaintiff ) | |
| ) | FLSA Action |
| v. ) | |
| ) | Jury Trial Demanded |
| INTERNATIONAL DESIGN & ) | |
| INSTALLATION, INC., a ) | |
| Georgia Corporation, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Vernes Pengic (hereinafter "Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendant International Design & Installation, Inc. (hereinafter "Defendant") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at

§ 216(b) to remedy violations of the overtime provisions of the FLSA by Defendant which have deprived Plaintiff, of his lawful overtime wages.

2. Plaintiff was employed by Defendant doing cubicle/office installation related work from Defendant's operation at 1446 Brown Ridge Lane, Lawrenceville, Georgia, Gwinnett County, 30043 (hereinafter "Defendant's Lawrenceville Location").

3. During the employment of Plaintiff, Defendant committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek primarily as a result of Defendant illegally classifying Plaintiff as an independent contractor.

4. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the

State of Georgia and the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff resides in Lawrenceville, Georgia (within this District). Plaintiff was employed by Defendant at Defendant's Lawrenceville Location for approximately one year ending in June, 2011, primarily performing office/cubicle installation related duties.

8. At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States. Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which he was employed by Defendant.

9. Defendant is a corporation formed under the laws of the State of Georgia and owns and operates an office installation business in Lawrenceville, Georgia.

10. Defendant conducts business within this State and District.

11. Defendant maintained either actual or constructive control, oversight and direction of Defendant's Lawrenceville Location, including the employment and pay and other practices of that operation.

12.     Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Amir Sabanagic, 1446 Brown Ridge Lane, Lawrenceville, Georgia 30043.

13.     At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

14.     At all times material to this action, Defendant was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

15.     The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

20.     Defendant hired Plaintiff to provide office/cubicle installation related services to Defendant's clients.

21.     Defendant set the schedule for which Plaintiff worked.

22.     Defendant determined the time Plaintiff was required to report to work.

23.     Defendant determined the time Plaintiff was permitted to leave work at the end of the work day.

24. Defendant determined the location that Plaintiff would work each day.

25. Defendant required Plaintiff to appear at Defendant's Lawrenceville Location at the start of each day.

26. Defendant paid for all supplies used by Plaintiff at the client's work site.

27. Defendant brought equipment to the work site like push carts, wall protection, lasers, levels, blue prints, shop vacuum, cleaning supplies, cutting saws, hardware, and installation products.

28. At least one of the owners of the company was at each job site that Plaintiff worked.

29. At least one of the owners supervised Plaintiff's work at all times that Plaintiff was at the client's work site.

30. At least one of the owners reviewed all of Plaintiff's work and made sure it was completed satisfactorily.

31. Plaintiff's job did not require any specialized skill, certification, or training.

32. Plaintiff had no control over how he performed his job duties.

33. Plaintiff performed his job duties based upon what Defendant told him to do.

34. Defendant required Plaintiff to accept all work assignments it made to him.

35. Defendant did not allow Plaintiff to reject any work assignments made to him by Defendant.

36. Plaintiff was paid $18 per hour for all hours worked, including hours over forty in a workweek.

37. At all times relevant to this action, Defendant regularly scheduled and required Plaintiff to work in excess of forty (40) hours a week.

38. At all times relevant to this action, Plaintiff worked in excess of forty (40) hours a week.

39. Plaintiff typically worked at least 10 – 15 hours overtime per week.

40. Plaintiff did not sign an independent contractor agreement with Defendant.

41. Plaintiff repeatedly asked Defendant about his overtime pay.

42. In June 2011, Plaintiff contacted one of the owners and asked why his paycheck did not include overtime pay.

43. After Plaintiff asked the Defendant about its failure to pay overtime, Defendant removed Plaintiff from the schedule and never permitted Plaintiff to work for Defendant again.

44. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

45. At all times relevant to this action, Defendant had a policy and/or practice of not compensating Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times his regular rate at which it was by law required.

46. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

47. Defendant is liable to Plaintiff for compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-half times Plaintiff's regular rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

48. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

49. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

50. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

51. Plaintiff demands a jury trial.

## COUNT I

52. Plaintiff repeats and incorporates by reference paragraphs 1-51 herein.

53. Defendant has willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Plaintiff in accordance with the FLSA.

54. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

55. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of his overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## COUNT II

56. Plaintiff repeats and incorporates by reference paragraphs 1-51 herein.

57. Plaintiff engaged in protected activity when he complained to Defendant about its refusal to compensate him for his overtime hours.

58. Defendant immediately terminated Plaintiff after his last complaint about Defendant's refusal to compensate him for his overtime hours.

59. Defendant terminated Plaintiff in retaliation for his complaint of being owed overtime wages in violation of the FLSA anti-retaliation provision.

60. As a result of the unlawful acts of Defendants, Plaintiff seeks reinstatement, compensation for lost wages as a result of retaliatory conduct, front pay, liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation, front pay, and liquidated damages;

B. That Plaintiff be reinstated to his previous position;

C. That Plaintiff be awarded reasonable attorneys' fees;

D. That Plaintiff be awarded the costs and expenses of this action;

E.  That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled; and

F.  That Plaintiff be awarded judgment in this matter in his favor.

Respectfully submitted this 16th day of August, 2011.

MARTIN & MARTIN, LLP

By: /s/ Kimberly N. Martin
Kimberly N. Martin
kmartin@martinandmartinlaw.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartin@martinandmartinlaw.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070

(404)313-5538 / (770) 837-2678 Fax